UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GAE MARIE CANNON,

                    Plaintiff,

        v.

DUTCHESS COUNTY LEGISLATURE, *et al.*,

                    Defendants.

No. 26-CV-00547 (KMK)

<u>AMENDED ORDER</u>*

KENNETH M. KARAS, United States District Judge:

Plaintiff moves this Court for a stay of all proceedings pending the appointment of an "ADA Liaison" to "manually oversee and confirm [Plaintiff's] filings," an order to accept *nunc pro tunc* previously attempted filings, and an order enjoining Defendants from "further actions regarding" this Case until her requested relief is provided. (Mot. (Dkt. No. 18).) She contends she has attempted "multiple critical filings" that have been "rejected by digital constraints" and was unable to reach somebody by phone who could assist her on March 9, 2026. (*Id.*)

The Court denies Plaintiff's request for a stay and injunction. The Court's Local Rules do not require Plaintiff to have access to electronic case filing ("ECF") to participate in these proceedings: she "may also submit documents in the traditional manner, on paper, by delivering documents . . . by regular mail," and need not visit the Court in person to do so. S.D.N.Y. Electronic Case Filing Local Rules 1.1 (effective Feb. 2, 2026) (accessible by copying this link: https://www.nysd.uscourts.gov/sites/default/files/pdf/ecf_rules/ECF%20Rules%20February%202%202026%20FINAL%20v2.pdf [https://perma.cc/JFV3-L3ZB]). Plaintiff has not explained whether and why she has been unable to file by regular mail. Plaintiff may also file on the docket via email to prose@nysd.uscourts.gov and Pro_Se_Filing@nysd.uscourts.gov, subject to

---

* This Order was issued March 10, 2026, and amended March 11, 2026, only to correct a typographical citation error on Page 2.

the Court's ECF Rules, rather than by emails to Chambers.  *See* S.D.N.Y. Electronic Case Filing Local Rules Appendix C.  The Court notes for Plaintiff's benefit that "the Court cannot accept filings emailed to [Chambers] or *ex parte* communications," and the Court accepting this filing should not be taken as encouragement for doing so going forward.  *Trs. of Pavers Dist. Council Apprenticeship, Skill Improvement & Training Fund v. Lavin Inc.*, No. 22-CV-1023, 2025 WL 1640496, at *2 (E.D.N.Y. Mar. 24, 2025) (report and recommendation).

The Rules also explain how parties proceeding pro se may apply to register for ECF if they wish to do so.  *See* S.D.N.Y. Electronic Case Filing Local Rules 2.2; Motion for Permission for Electronic Case Filing (for pro se cases), U.S. District Court for the Southern District of New York (accessible by copying this link: https://nysd.uscourts.gov/forms/motion-permission-electronic-case-filing-pro-se-cases [https://perma.cc/8DH5-RLM9]).  Plaintiff has not explained whether she has attempted to do so.

As to Plaintiff's request that this Court accept her previous filings as backdated to the dates on which she attempted to file them, Plaintiff may file a letter with the Court within seven days *pursuant to the procedures explained above*, including the documents she attempted to file and a brief explanation for when and how she attempted to file them.  The Court will consider her request upon receipt of the letter and included documents.  Until then, that request is denied without prejudice.

The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff and terminate the pending motion (Dkt. No. 18).

SO ORDERED.

DATED:     March 11, 2026
               White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

2