# MEMO ENDORSED

Defendants are ordered to file a letter responding to Plaintiff's motion by no later than April 24, 2026.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SO ORDERED.

**GAE MARIE CANNON,**

Petitioner-Relator, ADA Pro Se,

4/21/2026

**v.**

**DUTCHESS COUNTY LEGISLATURE, et al.,**

Respondents.

**Case No: 7:26-cv-00547**

**EMERGENCY MOTION FOR LIFE-PRESERVATION AWARD: MANDATORY EXTRACTION AND REMEDIAL RESTORATION (IRC § 104)**

**TO THE HONORABLE JUDGE KENNETH M. KARAS:**

Petitioner-Relator moves this Court for an **immediate Life-Preservation Award of $2,060,000.00**. This motion is necessitated by a total failure of the social contract within the State of New York, characterized by coordinated government abandonment and a documented State-Created Danger that renders the Petitioner unsafe in any jurisdiction where the Respondents may hold influence.

Please note that Petitioner has substantial documentation to support this request.

## I. THE JURISDICTIONAL VACUUM & GOVERNMENT ABANDONMENT

1. **Severance of Representation:** Petitioner has been systematically stripped of all receptive local government representation since 11-22-25. This abandonment is further evidenced by **County Executive Sue Serino**—a central figure in the $10.48M bond audit—blocking Petitioner on official social media platforms used for political and public communication.

2. **Ongoing State-Created Danger:** The Respondents' "Administrative Jamming," and bad faith litigation, combined with the Court's continued allowance of the "Digital Blindfold" (Dkt. 18), has created an environment of total isolation. Petitioner has been reduced to justia.com and PTSD triggering Tuesday and Thursday docket checks over a multitude of calls each week. As a **Federal Relator** reporting a **National Security (NATSEC) fiscal contagion**, Petitioner has been targeted and lacks any safety net within the state infrastructure because of Respondents political prominence. **<u>She absolutely can no longer safely remain in the area without threat to life</u>.**

3. **Unrebutted Physical Waste and increased agoraphobia:** Since the inception of this case, Petitioner has suffered a documented physiological waste of **32 lbs (from 180 lbs to 148 lbs)**. This 17.7% mass reduction is the biological receipt of the hostile environment created by the Respondents' bad-faith litigation and targeted refusal to engage a specific constituent, done during this litigation and prior. She has also felt paralyzed even within her own home and has had significant increased difficulty leaving her home creating a damaging continual cycle of psychological "hyper-vigilance against threats" when away from the home specifically related to the dynamics of this case, making even obtaining groceries and meal prep completely unreliable, directly resulting in this physiological loss of body weight via exacerbation of Petitioner's PTSD.

4. **Increased Suicidal Ideation and Fear of Harm:** The Court has been made thoroughly aware of the home breeches, text and email threats, online surveillance by respondents agents, the retaliation of my mail carrier specific to my property, and the extensive nature of Petitioner's disability- alongside this massive fraud. Petitioner has submitted multiple requests seeking reasonable ADA accommodation and protection by this Court with no response regarding whistleblower protections and an effective denial of reasonable ADA request of basic email service. March 12, 2026, Petitioner was so scared and frustrated by the tech spec rejections and the resubmissions process of the February filings discovered March 9, which then took 15 full days and a completely unreasonable amount of time on phone calls to verify receipt of successfully resubmitted filings in compliance with the Court's tech spec system. Petitioner made a second call to the FBI while in obvious distress providing the case number. Petitioner made this call at night, and immediately following that Petitioner called 988 out of desperation to be recognized as vulnerable. This was the second time Petitioner has conveyed to a medical professional increased suicidal ideation during this entire litigation. The first occurrence of active

suicidal ideation was on January 31, 2026 following the evasion of state level default and the notification of removal to this Court.

**NOTE**: Petitioner does NOT WANT to leave the home and proximity of her lost son's bedroom. She had planned to die in her current home by natural causes and has spent her entire life working towards building this home with her children as a single parent. It is sacred to every family member and friend of my son. All four corners of Petitioners lineage built the Hudson Valley infrastructure since 1710; over 300 years of historical heritage stewardship, especially Dutchess County. However, Petitioner has been intentionally severed by her State and local government throughout this entire process, demonstrating this constitutional abandonment, antagonism, and lack of protection.

**II. ITEMIZED RESTORATION FOR LIFE-PRESERVATION ($2,060,000.00)**
This sum represents the non-discretionary cost of restorative stabilization and jurisdictional severance. Under **IRC § 104**, these funds are categorized as **Restoration for Physical Injury**:

**1. Acquisition of Property as Primary Sanctuary for family relocation ($725,000.00): Immediate purchase of the identified therapeutic and secure property located in another state** where Petitioner will establish residency near extended family, details to be provided under Seal. This property provides the necessary jurisdictional severance, required remote nature-based therapeutic environment, and family support now absolutely required for stabilization and possible physical and psychological recovery.

**2. Residential Renovation for Capacity ($685,000.00)**
• Structural Addition (5BR/1BA): $425,000.00. Covers the full framing, roofing, and interior finishing for a new wing. Comprehensive structural expansion to a **5-bedroom, 2-bathroom** configuration compound; includes the utility nexus and high-tier materials required to house a caretaker and the family support unit required for Petitioner's recovery.
  • **$425,000.00: Structural Addition (5BR/1BA).**
 • **$165,000.00:** Utility & Septic Infrastructure.
 • **$95,000.00:** "Fast-Track" & Site Preparation Buffer.

**3. Home Hydrotherapy Facility ($150,000.00):** Installation of a 24/7 on-site hydrotherapy infrastructure. This is a medical requirement to arrest the 32-lb physiological waste and treat

chronic PTSD with additional immersion therapy which is strongly substantiated by Petitioner's medical records.

**4. High-Tier Security Hardening ($200,000.00):** Implementation of property security grids and hardened defenses necessitated by Petitioner's status as a Federal Relator in a NATSEC matter and the documented history of threats.

**5. Life-Safety & ADL Support ($225,000.00):** Funding for 24/7 professional ADL (Activities of Daily Living) assistance and **suicide watch for a 2-year stabilization period** to prevent suicide over losing every day connection to son.

**6. Professional Extraction ($15,000):** Costs for professional packers and movers for the relocation of Petitioner, animals, and the legal assets of record.

**7. Jurisdictional Severance ($60,000.00):** Final payoff of the New York-based mortgage to terminate the financial nexus with the Hostile Actors and prevent further administrative retaliation and public refusal to represent her.

**8. Professional Property Remediation ($25,000.00)**
Clinical-grade restoration and deep cleaning of the New York property to facilitate the final termination of the hostile nexus and preserve the asset value during Petitioner's absence.

**III. CONCLUSION**

Because the Petitioner is a Federal Relator in a NATSEC matter with no remaining representation in her home state, her safety is now the responsibility of this Court. The Respondents' default on the April 20 deadline confirms their willingness to weaponize Petitioner's known disability. This **$2,060,000.00** is the non-negotiable cost of **Constitutional and Biological Preservation of LIFE**.

Faithfully submitted April 20, 2026
/s/GAE MARIE CANNON, Petitioner ADA Pro Se
17 Russet Rd, Poughkeepsie, NY 12601

CC:

Ann Marie Jones, via email

Clemente Parente, via email