UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GAE MARIE CANNON,

*Plaintiff*,

v.

DUTCHESS COUNTY, et. al,

*Defendants*.

Case No. 26-CV-547 (KMK)

ORDER

KENNETH M. KARAS, United States District Judge:

Plaintiff Gae Marie Cannon ("Plaintiff") brings this Action against the Dutchess County

Legislature, Dutchess County Waste and Wastewater Authority ("DCWWWA"), Dutchess

County Legislative Clerk, and Dutchess County Legislative Deputy Clerk (collectively

"Defendants"), alleging various statutory and constitutional violations stemming from her

alleged inability to raise objections to a 2025 tax benefit assessment. (*See generally* Ex. A,

Compl. ("Compl.") (Dkt. No. 1).) On January 21, 2026, Defendants removed the Action from

Dutchess County Supreme Court to this Court. (Not. of Removal (Dkt. No. 1).)

On March 9, 2026, Defendants filed letter motions requesting leave to file a motion to

dismiss this Action. (*See* Letter from Annemarie Jones, Esq. to Court (Mar. 9, 2026) (Dkt. No.

16); Letter from Clemente J. Parente, Esq. to Court (Mar. 9, 2026) (Dkt. No. 17)). On March 10,

2026, the Court granted Defendants' request and set a briefing schedule. (*See* Order (Dkt. No.

21).) In accordance with that schedule, Defendants filed their Motions to Dismiss on April 20,

2026. (*See* Mot. to Dismiss (Dkt. No. 33); DCWWWA Not. of Mot. (Dkt. No. 38).) On April

20, 2026, Plaintiff also filed an Emergency Motion (the "Motion") due to a "a total failure of the

social contract within the State of New York, characterized by coordinated government

abandonment" and "[s]tate-[c]reated [d]anger that renders [Plaintiff] unsafe in any jurisdiction where [Defendants] may hold influence." (Emergency Mot. for Life-Preservation Award ("Pl.'s Emergency Mot.") 1 (Dkt. No. 32).)[1] In it, Plaintiff requests monetary damages to (1) purchase and relocate to a residence in a different state, (2) renovate and expand her current residence, (3) install a home hydrotherapy facility, (4) add security to her home, (5) fund 24/7 "[a]ctivities of [d]aily [l]iving" assistance and suicide watch for a two-year period, (6) moving costs for her relocation, (7) pay off the mortgage on her current New York residence, and (8) cleaning and restoration of her current residence. (*Id.* at 1–2.) Defendants counter that the requested relief is "unwarranted, unreasonable, and premature." (Letter from Annemarie Jones, Esq. to Court ("Defs.' Opp'n") (Apr. 24, 2026) 1 (Dkt. No. 42).)

While Plaintiff is proceeding *pro se* and the Court must "liberally construe[]" documents submitted by Plaintiff, *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008), the Second Circuit has made clear that pro se status does not "exempt a party from compliance with the relevant rules of procedural and substantive law[,]" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (quotation marks and citations omitted). Here, Plaintiff seeks only monetary relief, but "[w]here there is an adequate remedy at law, such as an award of money damages[,]" emergency relief in the form of "injunctions are unavailable . . . ." *Moore v. Consol. Edison Co. of N.Y.*, 409 F.3d 506, 510 (2d Cir. 2005). At present, this Action is in its preliminary stages, so the Court has not yet determined if Defendants caused Plaintiff's alleged harm, which is a

---

[1] When citing Plaintiff's Emergency Motion, the Court refers to the page numbers generated by the Electronic Case Filing system that appear on the document's top-right corner. When referring to other filings, the Court cites to the page numbers as they are designated on the documents themselves.

prerequisite to an award of monetary damages. *See Xiamen ITG Grp. Corp., Ltd. v. Peace Bird Trading Corp.*, No. 19-CV-6524, 2025 WL 3560317, at *3 (E.D.N.Y. Sept. 12, 2025) ("[T]he Court cannot assess [monetary] damages until it assess liability."); *Perrin v. Hilton Int'l, Inc.*, 797 F. Supp. 296, 299 (S.D.N.Y. 1992) ("It is well-established that a defendant may be held liable only for the damage which he proximately causes"). Thus, the Court cannot award Plaintiff monetary relief at this time.

Even if the Court construes Plaintiff's Motion as requesting preliminary injunctive relief, she has not demonstrated that she is entitled to such relief. To obtain emergency injunctive relief, Plaintiff must show "(1) that she is likely to suffer irreparable harm and (2) either [] a likelihood of success on the merits of her case or [] sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in her favor." *Fernandez v. Fredrickson*, No. 25-CV-2103, 2025 WL 1093382, at *1 (S.D.N.Y. Mar. 13, 2025) (citation omitted). In seeking a preliminary injunction, a plaintiff "must make a specific, concrete showing of the harm [she] will suffer absent an injunction[] and cannot rely on speculative claims of harm." *Daileader v. Certain Underwriters at Lloyd's London – Syndicate 1861*, 670 F. Supp. 3d 12, 35 (S.D.N.Y. 2023), *aff'd sub nom. Daileader v. Certain Underwriters at Lloyds London Syndicate 1861*, No. 23-690, 2023 WL 764831 (2d Cir. Nov. 15, 2023).

Here, Plaintiff alleges harm in the form of "home bre[a]ches, text and email threats, online surveillance by [Defendants'] agents, the retaliation of [her] mail carrier specific to [her] property, and the extensive nature of [her] disability[,] alongside this massive fraud[,]" (Pl.'s Emergency Mot. 2), but she provides no specific details about these incidents, such as how frequently they are occurring, what kinds of threats are being made, or what type of retaliation

has occurred.[2]  Plaintiff's allegations are simply too vague to meet the irreparable harm standard necessary for a preliminary injunction.  *See Rivera v. City of New York*, No. 25-CV-10342, 2026 WL 32900, at *1 (S.D.N.Y. Jan. 2, 2026) (finding the plaintiff failed to meet the standard for irreparable harm where he "offers no specific facts about what [the] [d]efendants did not retaliate against him, or intimidate, surveil, or threaten him," and failed to specify "which of the various defendants committed" the alleged acts).  Additionally, Plaintiff's Motion does not demonstrate a likelihood of success on the merits of her underlying Action.  The allegations put forth and relief requested in the instant Motion do not relate to the tax assessment Plaintiff is challenges in her Complaint.  (*Contrast* Pl.'s Emergency Mot. *with* Compl.)  The lack of connection between Plaintiff's request for emergency relief and the merits of her underlying claims would make a grant of injunctive relief improper.  *See DoorDash, Inc. v. City of New York*, No. 25-CV-10268, 2026 WL 181657, at *2–3 (S.D.N.Y. Jan. 23, 2026) (denying the plaintiff's request for injunctive relief where she failed to demonstrate a likelihood of success on the merits of her underlying claims).

---

[2] To the extent Plaintiff is referencing her interactions with non-party Todd Bender ("Bender"), (*see* Letter from Gae Marie Cannon to Court (Mar 24, 2026) (Dkt. No. 27); Letter from Gae Marie Cannon to Court (Mar. 24, 2026) (Dkt. No. 28); Letter from Gae Marie Cannon to Court (Mar. 24, 2026) (Dkt. No. 29); Letter from Gae Marie Cannon to Court (Mar. 24, 2026) (Dkt. No. 30)), the Court cannot grant Plaintiff relief against Bender because he is not a party to this Action and has not appeared before this Court.  *See Coley v. Garland*, No. 19-CV-382, 2020 WL 5549076, at *5 (N.D.N.Y. Sept. 16, 2020) (denying the plaintiff's request for injunctive relief because "the [c]ourt cannot grant . . . injunctive relief against non-parties[.]"); *Software Freedom Conservancy v. Westinghouse Digital Elecs., LLC*, 812 F. Supp. 2d 483, 486 (S.D.N.Y. 2011) ("As a general matter, a court may not enjoin a non-party that has not appeared before it to have its rights legally adjudicated.").

For the reasons set forth above, Plaintiff's Motion is denied.  In light of Plaintiff's pro se status, the Court includes a flyer for the City Bar Justice Center's Federal Pro Se Legal Assistance Project at the end of this Order.  The Clerk of Court is respectfully requested to close the pending Motion at Dkt. No. 32.

SO ORDERED.

DATED:      April 24, 2026
            White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

# FEDERAL PRO SE LEGAL ASSISTANCE PROJECT
## in the Southern District of New York (SDNY)



## ABOUT THE PROJECT

The Federal Pro Se Legal Assistance Project (Fed Pro) provides limited assistance to self-represented litigants (plaintiffs and defendants) with cases involving civil legal matters in the United States District Court for the Southern District of New York (SDNY).

## HOW TO SCHEDULE AN APPOINTMENT

To schedule an appointment for assistance with City Bar Justice Center's Fed Pro project, you must first complete our online Intake Form.

- Our online Intake Form is accessible via one of these methods:
  - Scan the QR code to the right.
  - Go to bit.ly/prosesdny
- Once on the City Bar Justice Center Federal Pro Se Legal Assistance page, scroll down to "**SDNY**" and then click "**APPLY FOR HELP**" to be taken to the Intake Form.
- When the Intake Form asks: "How can we help you", please select "**Federal Court Case**" from the drop-down menu. The Fed Pro SDNY office will receive your application ONLY if you select "federal court case." If you select anything else, you will need to re-complete your application.

Once you complete the form, someone will contact you, usually within five business days, to schedule an appointment. If you are not able to complete the Intake Form, please call **(212) 382-4794,** leave a detailed message, and wait for us to call you back, typically within five business days.

## HOW WE HELP

**While we cannot provide full representation,** we can assist litigants by providing limited-scope services such as:

 **Counseling** about potential federal claims prior to filing suit

 Consulting on **discovery** matters

 **Interpreting and explaining** federal law and procedure

 Assisting with the **settlement** process (including **mediation**)

 **Reviewing drafted pleadings** and correspondence with the Court